IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SYLVESTER O. OKERE

    v.                      Civil Action No. DKC 16-2152

MELVIN C. HIGH, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are the following motions: a motion to dismiss filed by Defendant Melvin C. High ("Defendant") (ECF No. 7); and a motion for default judgment filed by Plaintiff Sylvester O. Okere ("Plaintiff") (ECF No. 17). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss will be granted, and Plaintiff's motion for default judgment will be denied.

**I.  Background**

The facts outlined here are set forth in the amended complaint and construed in the light most favorable to Plaintiff. Defendant is the elected Sheriff of Prince George's County, Maryland. On June 14, 2016, he executed or "was responsible for" the execution of a writ of possession issued by the Circuit Court for Prince George's County in the course of

foreclosure proceedings.   (ECF No. 3, at 2).   "Defendant was given a Courtesy Package informing him of the corruption and the distortion that [h]as taken place in foreclosure proceedings that resulted in an eviction," but still executed the eviction. (*Id.* at 2).

On June 16, 2016, Plaintiff, proceeding *pro se*, filed a complaint in this court.   (ECF No. 1)   He filed the amended complaint on June 17. (ECF No. 3).   Defendant filed the instant motion to dismiss on June 20.   (ECF No. 7).   Plaintiff was provided with a *Roseboro* notice (ECF No. 8), which advised him of the pendency of the motion to dismiss and his entitlement to respond within seventeen days from the date of the letter. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiff responded (ECF No. 9), and Defendant replied (ECF No. 11).   Plaintiff also filed a response to Defendant's reply. (ECF No. 13).   On August 9, 2016, Plaintiff filed a "Notice of Default" (ECF No. 14), and on August 29, he filed the pending motion for default judgment (ECF No. 17).

## II.  Quasi-Judicial Immunity

Defendant argues that quasi-judicial immunity bars this action because he "was directed to execute a writ of possession issued by the circuit court, and . . . such activity is integral to the judicial process." (ECF No. 7, at 5-8).   Plaintiff's amended complaint declares that he is "stating a claim of

trespassing" against Defendant based on "executing an eviction due to foreclosure," and alleges that Defendant "violated his Oath of Office" by executing the eviction despite his "duty to protect [Plaintiff] from the corruption and distortion and the foreclosure industry[.]" (ECF No. 3, at 1, 3). Plaintiff admits that the eviction was ordered by the court in his foreclosure proceeding. (*Id.* at 2 ("The order in which the Defendant acted upon, was an order from administrative procedure . . . . The basis of the authority for the administrative procedures was based on statutes and codes of the State of Maryland[.]")). His claim appears to be based on the argument that the foreclosure action was in violation of the Fifth, Seventh, and Tenth Amendments to the Constitution, and that he is not "subject" to the laws or jurisdiction of Maryland. (*Id.* at 2). Plaintiff did not respond to Defendant's arguments on immunity in his opposition to the motion to dismiss, although he argues that the foreclosure process violated the Seventh Amendment. (*See* ECF No. 9 ¶ 5). As Plaintiff's claim challenges the underlying foreclosure proceedings and the laws and procedures governing those proceedings, it is clearly premised on the fact that Defendant executed a court-ordered writ of possession.

Quasi-judicial immunity bars Plaintiff's suit against Defendant. As Judge Blake has noted:

3

> Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that those persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). The basis for affording non-judicial officials absolute immunity is to avoid the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly [would] vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (alteration in original) (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989)). Courts have therefore extended absolute immunity to protect, among others, clerks of court, law enforcement officers, and others who enforce court orders. *See, e.g.*, *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (holding the clerk of court to be absolutely immune for issuing an erroneous warrant pursuant to the court's order); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986) ("[Police officers, sheriffs, and other court officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit.").

*Kendrick v. Cavanaugh*, No. CCB-10-2207, 2011 WL 2837910, at *4 (D.Md. July 14, 2011); *see also Horowitz v. Mason*, No. DKC-15-3478, 2016 WL 1536321, at *5 (D.Md. Apr. 15, 2016). Here, Plaintiff alleges that Defendant took action pursuant to the Circuit Court's order. Defendant was acting as an arm of the court in executing the writ of possession and is therefore immune from suit. Accordingly, Plaintiff's claim against Defendant will be dismissed.

4

### III. Plaintiff's Motion for Default Judgment

In his amended complaint, Plaintiff stated that Defendant was "required to answer this complaint within 30 days after service." (ECF No. 3, at 3). On August 29, he filed the pending motion for default judgment, arguing that Plaintiff had failed to answer the complaint within 30 days and requesting the court grant a default judgment in the amount of $11.5 million. (ECF No. 17). The Federal Rules of Civil Procedure govern this action, and Plaintiff's pleading did not alter those procedures. Defendant responded to Plaintiff's complaint by timely filing a motion to dismiss pursuant to Rule 12(b)(6), which tolls the time period for serving an answer until the court denies the motion, postpones its disposition until trial, or grants a motion for a more definite statement. Fed.R.Civ.P. 12(a)(4). Accordingly, Plaintiff's motion for default judgment will be denied.

### IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant Melvin C. High will be granted, and the motion for default judgment filed by Plaintiff Slyvester O. Okere will be denied. A separate order will follow.

_____
                    /s/
DEBORAH K. CHASANOW
United States District Judge